LOUISA T. VAN HORN, RELATOR, v. FREDERICK W. DONNELLY ET AL., THE POLICE AND FIRE PENSION COMMISSION OF TRENTON, NEW JERSEY, RESPONDENTS.

Submitted July 7, 1921—Decided November 23, 1921.

The relator, who, in 1892, was duly elected janitress in the "permanent force of the paid system of the fire department of the city of Trenton," and has served as such ever since, is a member of the fire department of the city of Trenton within the purview of the Police and Firemen Pension act of 1920 (*Pamph. L., p.* 324), and, upon the taking effect thereof in that city, she became entitled to the benefit of that act, even though she claimed no benefit of any pension act prior to the enactment of the act of 1920, and had not been assessed for, and made no contribution to, any pension fund existing prior to the taking effect of that act.

On rule to show cause why a writ of *mandamus* should not issue.

Before Justices TRENCHARD, BERGEN and MINTURN.

For the relator, *Henry M. Hartman.*

*Pro se, Frederick W. Donnelly* and others.

The opinion of the court was delivered by

TRENCHARD, J. The question involved in this case is somewhat similar to that in Sheehan *v.* Lee, decided at this term.

The relator, who has honorably served in the position of janitress in the fire department of the city of Trenton for a period of twenty years, and has attained the age of sixty-five years, seeks to compel the police and fire pension commission of the city of Trenton to retire her from service in such department on half pay, pursuant to the provisions of section 1 of the Police and Firemen Pension act of April 15th, 1920. *Pamph. L., p.* 324.

That act became operative in the city of Trenton on April 15th, 1920, and provides, in section 1, that "any member of any such police or fire department who shall have honorably served for a period of twenty years and attained the age of sixty-five years shall be retired on half pay," &c.

It appears that the relator's application for retirement was refused "for the sole reason that the relator, in the opinion of the members of the commission, is not a member of the fire department of the city of Trenton within the meaning of the act of April 15th, 1920, and is not entitled to the benefits of said act."

We are of the opinion that the record does not support that view.

She was appointed janitress in the fire department of the city of Trenton by the board of fire commissioners on March 16th, 1892. The resolution under which she was appointed reads as follows:

"*Resolved,* That this board do now go into the election of one clerk, one superintendent of fire alarm, one lineman, one chief engineer, two assistant chiefs, eight captains, six engineers, six stokers, eight drivers, two tillermen and thirty-four hosemen and laddermen and two *janitresses.* The same when elected to be considered the *permanent force of the paid system of the fire department of the city of Trenton* when established and created by this board."

Clearly, therefore, she was appointed a member of the fire department.

But the respondents think that she is not entitled to the benefits of the act of 1920 because (as they say in their brief) she "claimed no benefit of any pension act *prior to the enactment of the act of April 15th, 1920, and made no contribution to any pension fund existing at the time that act became effective.*"

At the time the relator was appointed the fire department of the city of Trenton was governed under the provisions of the act of 1885 entitled "An act to remove the fire and police departments in the cities of this state from political control." *Comp. Stat., p.* 2341.

At the time the Police and Firemen Pension act of 1920 became effective in the city of Trenton a firemen's pension fund existed which had been set up under an act passed in 1905. *Comp. Stat., p.* 2448; *Pamph. L., p.* 114. It is unnecessary to consider what rights, if any, the relator had to the benefit of that fund. She claimed none. Assuming her right, however, to the benefit of that fund, her failure to claim such benefit will not bar her from now asserting a right to participate in the benefits of the fund created by the act of 1920. Participation in the benefits of the fund created under the act of 1905 was evidently considered optional, and the duty of contributing to such fund was no doubt considered as resting only on those members whose duty required active service in the extinguishment of fires (*Comp. Stat., p.* 2449, § 469), and who chose to thus secure for themselves and their dependents the benefits of that fund; and who were assessed as provided in the act upon the contingency therein stated.

*Comp. Stat., p.* 2451, § 476, *subdiv.* 9. As we have pointed out, the relator claimed no benefit of the fund provided for by that act, and it is not suggested that she was ever assessed under the act. Certainly, under these circumstances, the mere fact that she made .no contribution under act of 1905 will not deprive her of the benefits of the act of 1920.

The act of 1920 is very different from the act of 1905. The act of 1920 provides, in section 4, that "there *shall be deducted* from every payment of salary to such member of the police and fire departments, in such municipality, two per centum of the amount thereof." This provision casts a clear duty upon the officer of the municipality charged with the duty of payment of salaries to members of the police and fire departments, to make deduction from the payment of all salaries paid to members of such departments, without regard to their wishes or desires. It is a general act, and by express terms repeals all acts and parts of acts inconsistent therewith. It evinces a legislative intent, and adopts a policy, to make provision for the care and maintenance of all the members of such departments in case of death or disability, and the widows, children and sole dependent parents of deceased members, and should be construed to effectuate that intent. *Hulme* v. *Board of Commissioners,* 95 *N. J. L.* 30; *affirmed, Id.* 545. As pointed out in Sheehan v. Lee, the construction that the act includes all and excludes none of the members of the police and fire departments finds strong support in the provision contained in section 4, requiring the municipality to raise by taxation and pay into the fund yearly "an amount equal to four per centum of the *total salaries* paid to the members" of such departments. The provision for deduction from the salary paid to each member of the police and fire departments being mandatory, it follows relatively that each member is entitled to share in the benefit fund.

Really the question, therefore, is whether or not the relator is a member of the fire department of the city of Trenton within the meaning of the act of April 15th, 1920. That it

was the intention of the legislature that the benefits of the act should inure to members of the department, other than those performing active service in the extinguishment of fires, is indicated by the provision in section 2 that where "a person being *a member or employe* of the police or fire department shall desire to retire by reason of injury or disease, said person shall make application," &c., and, again, in section 5, wherein provision is made for the election of *"one policeman* of the police department and *one fireman* of the fire department" to serve on the pension commission—a clear and special recognition of classes as part of the departments.

In Sheehan *v.* Lee we called attention to the fact that in construing the Fire Pension act of 1902 (*Pamph. L., p.* 793), containing the identical language employed in the act of 1920, Mr. Justice Reed, in *Leffingwell* v. *Kiersted, 74 N. J. L.* 407, says: "Indeed, there seems no reason to be drawn from the language of the statute in which the class of beneficiaries can be held to be more restricted than a class composed of all members of the fire department, and that these relators are members of such department, seems to be not a matter for dispute."

That case is squarely in point and seems decisive of the question here under discussion. It was there held that a watchman, a lineman and a veterinary surgeon were members of the fire department. We think it clear that in and by the act of 1920 the legislature dealt, and intended to deal, with all the members of the police and fire departments as a class, without regard to character of employment.

A peremptory writ of *mandamus* will issue.